# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0589V
UNPUBLISHED

| | |
|---|---|
| SCOTT B. HEARTH, M.D.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 1, 2021<br><br>Special Processing Unit (SPU);<br>Decision Awarding Damages; Pain<br>and Suffering; Tetanus Diphtheria<br>acellular Pertussis (TDAP); Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*William E. Cochran, Jr.*, Black McLaren et al., Memphis, TN, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 22, 2019, Scott B. Hearth, M.D. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on June 15, 2016. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters. Because the parties could not informally resolve the issue of damages, they were ordered to file briefs setting forth their respective arguments and were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on October 29, 2021.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The parties specifically disagreed as to the amount of actual pain and suffering to be awarded, with Petitioner requesting $85,000.00, and Respondent proposing only $62,500.00, given the moderate nature of Petitioner's injury and his conservative treatment. Awareness of the injury is not disputed. As explained during the hearing,[3] however, and after listening to both sides' arguments, I have determined that an award of $67,500.00 in actual pain and suffering is best supported by the record as well as reasonable comparable damages determinations from SPU SIRVA cases.

**Accordingly:**

**I award Petitioner a lump sum payment of $67,500.00 for his actual pain and suffering in the form of a check payable to Petitioner Scott B. Hearth.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] The transcript of the hearing includes discussion of the various comparable cases as well as specific facts relating to Petitioner's medical history and experience, and is incorporated by reference into this Decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.